IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| NNAEMEKA ONYEDEBELU, | § | CASE NO. 22-41492 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**MOTION FOR AUTHORITY TO SELL REAL PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES LOCATED
AT 2840 KELLER SPRINGS ROAD, CARROLLTON, TEXAS, SUITES 601 AND 602**

**Notice**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this pleading unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading _WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE_ listed in the certificate of service unless the court shortens or extends the time for filing such response. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the court may enter an order granting the pleading. If an objection is filed and served in a timely manner, the court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The court reserves the right to set a hearing on any matter.**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Christopher J. Moser, Trustee ("*Trustee*") files his Motion for Authority to Sell Real Property Free and Clear of All Liens, Claims and Encumbrances Located at 2840 Keller Springs Road, Carrollton, Texas, Suites 601 and 602 ("*Motion*") pursuant to the provisions of 11 U.S.C. §363(f) as follows:

**Facts**

1. On November 1, 2022, Nnaemeka Onyedebelu ("*Debtor*") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

2. The bankruptcy estate owns real property and improvements located at 2840 Keller

Springs Road, Carrollton, Texas, Suites 601 and 602 (the "**Property**").

3. The Trustee has received an offer from Greenwood Advisory Partners, LLC ("**Buyer**") to purchase the Property for $430,000.00 (the "**Purchase Price**").

4. Trustee seeks to sell the Property "as is, where is" without any representations or warranties concerning the condition, use or suitability of the Property. Upon information and belief, the only encumbrances on the Property are those of ad valorem taxing authorities and Dawg Town, Inc. ("**Dawg Town**") and KSOP Owners Association, Inc. (the "**Owners Association**"). The liens of Dawg Town and the Owners Association will be paid at closing. The ad valorem taxes will also be paid at closing except for the pro-rata portion of the ad valorem taxes for year 2023 through the date of closing. Notwithstanding the foregoing, the ad valorem tax liens for tax year 2023 shall remain attached to the Property and the sale of the Property shall not be free and clear of the 2023 ad valorem tax obligations.

**Relief Requested**

5. By this Motion, Trustee, pursuant to 11 U.S.C. §363(f) seeks authority to sell the Property to the Buyer, or any other higher bidder, free and clear of all liens, claims and encumbrances in accordance with the terms of this Motion. This proposed sale will be subject to all higher or better offers from a qualified buyer prior to the entry of a sale order approving this Motion.

6. At closing, the Trustee seeks to pay the normal closing costs associated with the sale, including unpaid property taxes, and a realtor's commission of 6%, the cost of a title policy.

7. Pursuant to Section 363(b)(1) of the Bankruptcy Code, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). A sale of assets under Section 363 of the Bankruptcy Code, as implemented by Bankruptcy Rule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business

reasons. *Cadle Company v. Mims (In re Moore)*, 608 F.3d. 253, 263 (5th Cir. 2010). In reviewing a proposed use or sale of assets, a bankruptcy court should give deference to the business judgment of the trustee when it deems the sale to be appropriate. *See Esposito v. Title Ins. Co. (In re Fernwood Mkts.)*, 73 B.R. 616, 621 n. 2 (Bankr. E.D. Pa. 1987).

8. Pursuant to Bankruptcy Rule 6004(f)(1) sales of property outside the ordinary course of business may be by private sale or auction. Trustee believes that good cause exists to sell the Property to the Buyer through the contemplated sale. This sale will enable the Trustee to maximize the value of the Property in a timely and efficient manner for the benefit of the bankruptcy state and its creditors.

9. Trustee believes, in his reasonable business judgment, that the sale of the Property, as set forth herein, is in the best interest of the bankruptcy estate. Based upon consultations with a realtor, the Trustee believes that the purchase price represents a fair value for the Property. Thus, the Trustee believes that approval of this sale is appropriate under Sections 363(b) and (f) of the Bankruptcy Code.

10. Trustee request authorization to execute all documents necessary to consummate the closing of the proposed sale.

11. Lastly, the Trustee request that the court waive the stay imposed by bankruptcy rule 6004(h), which provides that an order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise. The Trustee seeks to promptly close the sale in order to stop the accrual of property taxes and to retain the Buyer and to maximize the value of the Property. Waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h) is appropriate under the circumstances.

**Payment to Debtor of Exemption**

12. The Debtor, who is pro-se, has chosen the federal exemptions of 11 U.S.C.

§522(b)(2) and under federal law. While the Debtor has listed the Property on Schedule A, he has not asserted an exemption claim for the Property on Schedule C.

13. As a part of the sale, Trustee seeks to pay the Debtor the "wildcard" exemption amount he would be entitled to claim for the Property (i.e., $14,664.00). In consideration for this payment Debtor has agreed to cooperate with the Trustee and his realtor to allow interested parties to inspect the building should they desire to attend the sale hearing and make a bid to purchase the Property for an amount in excess of $430,000.00.

**WHEREFORE, PREMISES CONSIDERED,** the Trustee respectfully requests that pursuant to the provisions of 11 U.S.C. §363(f) this Court approve the sale of the Property on the above terms, that the Trustee be allowed to pay the Debtor $14,664.00 of the sale proceeds as his "wildcard" exemption and that Trustee be granted such other and further relief to which he is justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 880-1805 (Telephone)
cmoser@qslwm.com (Email)

By: */s/ Christopher J. Moser*
       Christopher J. Moser

ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, a true and correct copy of the foregoing document has been served via ECF notification, where available and via regular U.S. mail, postage prepaid, upon all parties on the attached mailing matrix and upon the following:

Greenwood Advisory Partners, LLC
711 Colton James Lane
Dallas, Texas 75204

Tracer Properties, LLC
3505 W. 5th Street
Fort Worth, Texas 76107

Spring Care
2840 Keller Springs Road, Suite 601
Carrollton, Texas 75006

Jacob Stephens, Esq.
Irelan McDaniel, PLLC
2520 Caroline Street, 2nd Floor
Houston, Texas 77004

Dawg Town, Inc.
c/o Jeffrey Walling
1280 W. 3rd Street, Second Floor
Cleveland, Ohio 44113

Dallas County
c/o Sherrel K. Knighton, Esq.
Linebarger Goggan Blair & Sampson
2777 N. Stemmons Freeway, S. 1000
Dallas, Texas 75207

KSOP Owners Association, Inc.
c/o Julie E. Blend PLLC
4101 McEwen, Suite 615
Dallas, Texas 75244

KSOP Owners Association, Inc.
c/o Goodloe Realty; Services, Inc.
2840 Keller Springs Road, Suite 201
Carrollton, Texas 75006

Nicholas H. Petroff
3008 Canton Street
Dallas, Texas 75226

Suleman Bhimani
1750 Regal Row
Dallas, Texas 75235

Larry A. Levick, Esq.
Singer & Levick, P.C.
16200 Addison Road, Suite 140
Addison, Texas 75001

Robert Robertson
Robco Homes Solutions, LLC
412 Orchard Hill Drive
Cedar Hill, Texas 75104

*/s/ Christopher J. Moser*